UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

M.D.B., by and through T.M.B., as Next
Friend, Parent and Natural Guardian,
and T.M.B., individually,

        Plaintiffs,

v.                                      Case No:   6:14-cv-1942-Orl-22GJK

WALT DISNEY PARKS AND
RESORTS US, INC.,

        Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO REVIEW CLERK'S ACTION ON BILL OF COSTS, OBJECTIONS TO BILL OF COSTS, AND INCORPORATED MEMORANDUM (Doc. No. 84)** |
| **FILED:** | November 1, 2016 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

### I. BACKGROUND.

Plaintiff M.D.B. was one of more than forty developmentally disabled plaintiffs who brought suit against Defendant, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq. See Nos. 6:14-cv-1890-Orl-22GJK through 6:14-cv-1901-Orl-22GJK, 6:14-cv-1917-Orl-22GJK through 6:14-cv-1946-Orl-22GJK. On September 27, 2016, judgment was entered in this case in favor of the Defendant and against Plaintiffs. Doc. No. 80. On October

24, 2016, Plaintiffs filed a motion to alter the judgment, which was denied on December 9, 2016. Doc. Nos. 82, 88. Plaintiffs did not file a notice of appeal.

On October 11, 2016, before the Motion to Alter Judgment was filed, Defendant filed a proposed bill of costs. Doc. No. 81. On November 1, 2016, Plaintiffs filed their Motion to Review Clerk's Action on Bill of Costs, Objections to Bill of Costs, and Incorporated Memorandum (the "Motion"). Doc. No. 84. On November 17, 2016, Defendant responded to the Motion. Doc. No. 86.

## II.   ANALYSIS.

Rule 54(d)(1), Federal Rules of Civil Procedure, provides that: "[u]nless a federal statue, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." The United States Supreme Court has held that parties "may be considered 'prevailing parties' . . . if they succeed on any significant issue in litigation." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). There is no dispute that Defendant is the prevailing party.

### A.   Whether Defendant moved to tax costs.

Plaintiffs argue that Defendant should not be awarded its costs because it never filed a motion to tax costs. Doc. No. 84 at 2-4. Plaintiffs point to Local Rule 4.18, which requires a party seeking costs to file a separate motion or petition no "later than fourteen (14) days following the entry of judgment." Doc. No. 84 at 2, quoting Local Rule 4.18.

Although Defendant did not file a motion, it did file a Proposed Bill of Costs on October 11, 2016, which is within the time permitted under Rule 4.18. Doc. Nos. 80, 81. The Proposed Bill of Costs includes a declaration by Defendant's counsel regarding the specific costs that Defendant is seeking, how they were calculated, and that they were necessarily incurred in this case. Doc. No. 81-1. Thus, it is recommended that the Court find that the Proposed Bill of Costs constitutes

a timely-filed motion for costs under Local Rule 4.18. See Anderson v. Techtronic Indus. N. Am., Inc., No. 6:13–cv–1571–Orl–40TBS, 2015 WL 4459029, at *2 (M.D. Fla. July 20, 2015) (treating the bill of costs as a motion to tax costs and stating, "Plaintiff's bill of costs is a claim, as contemplated by Rule 4.18 because it is subject to challenge and adjudication by the Court.").

  **B.  Whether the Clerk's action in entering the bill of costs was appropriate pending finality of judgment.**

Plaintiffs argue that the Clerk should not have entered the bill of costs because the judgment was not yet final, as Plaintiffs filed a timely motion to amend or alter the judgment. Doc. No. 84 at 4-5. As the Court has ruled on the motion to amend the judgment and denied it, Doc. No. 88, it is recommended that this argument be denied as moot.

  **C.  Whether the bill of costs should be vacated on equity grounds.**

Plaintiffs argue that the bill of costs should be vacated as inequitable, because M.D.B. is "an incompetent minor who will never be able to pay them and who has done nothing wrong . . . ." Doc. No. 84 at 7. In support, Plaintiffs point to the declaration of T.M.B., M.D.B.'s mother, in which she states that M.D.B. does not and never will have any assets, and "[h]e will never be an income-producing or self-sufficient member of society or the marketplace." Doc. No. 84-1 at ¶¶ 5-8. T.M.B. also states that M.D.B. has autism and seizures. Id. at ¶ 3.

District courts have discretion to decline to award costs under Federal Rule of Civil Procedure 54(d)(1), but the court must have a sound basis for defeating the presumption that costs are to be awarded to a prevailing party. Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000). The court may consider the non-prevailing party's financial status as a factor in determining an award of costs under Federal Rule of Civil Procedure 54(d), but it is not required to do so. Id. at 1039. If the court does choose to consider financial status, then "it should require substantial

documentation of a true inability to pay." Id. Even if the court considers the financial circumstances, it "may not decline to award any costs at all." Id.

The undersigned declines to consider M.D.B.'s financial ability to pay a costs judgment. The undersigned does find, however, that there is a sound basis for denying full costs. The equities favor not imposing costs on an incompetent, disabled minor for a lawsuit brought by someone else on his behalf. Defendant did not cite any authority for imposing costs upon an incompetent plaintiff when the litigation was brought by plaintiff's guardian or next friend. Thus, the undersigned recommends that the Court exercise its discretion in not imposing costs on M.D.B.

Defendant asks that the Court impose costs upon T.M.B., M.D.B.'s mother. Doc. No. 86 at 5-6. Plaintiffs argue that T.M.B. brought this action solely as M.D.B.'s next friend, she is not a party to this action, and therefore she cannot have costs taxed against her. Doc. No. 84 at 6.

The caption for this case is "M.D.B., by and through T.M.B., as Next Friend, Parent, and Natural Guardian, and T.M.B., Individually." Doc. No. 1 (emphasis added). Count 2 in the Complaint for breach of contract was brought solely by T.M.B. Id. at ¶¶ 93-96. On February 19, 2015, T.M.B.'s claims were dismissed without prejudice because the Court declined to exercise supplemental jurisdiction over them. Doc. No. 12.

Although T.M.B. was a party when this action was commenced, after February 19, 2015, the only claims brought by her individually were dismissed. It is recommended that the Court decline to tax costs against T.M.B. that were incurred after her individual claims were dismissed. See generally United States Fire Ins. Co. v. Mikes, No. 8:04-cv-2783-T-23TBM, 2008 WL 616102, at *3 (M.D. Fla. Mar. 3, 2008) (denying taxation of costs incurred before defendants became parties to litigation). All of the costs that Defendant seeks were incurred after February

19, 2015, and therefore it is recommended that Plaintiffs' objections to taxation of costs be sustained.

### D. Whether the Bill of Costs should be amended regarding the Plaintiff.

Plaintiffs state that the Clerk's bill of costs refers to "M.D.B., et al.," which is inaccurate because there are no others in this case. Doc. No. 84 at 7. Plaintiffs ask the Court to amend the bill of costs to prevent any ambiguity or confusion this may cause. Id. Defendant does not address this in its response. As discussed above, T.M.B. does appear in this case, so the "et al." designation is appropriate. The undersigned sees no purpose in amending the bill of costs, given that it is clear that the bill of costs is sought against the opposing parties, as demonstrated by Plaintiffs responding to the bill of costs regarding whether costs should be awarded against either M.D.B. or T.M.B. Accordingly, it is recommended that Plaintiffs' request to amend the bill of costs be denied.

### III. CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court enter an order **GRANTING in part and DENYING in part** the Motion (Doc. No. 84) as follows:

1. The Motion is **GRANTED** only to the extent that Defendant will not be awarded its costs against Plaintiffs; and
2. The Motion is otherwise **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R.

3-1.

Recommended in Orlando, Florida, on February 2, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy